I fully concur in the majority's analysis and disposition of appellant's first, third and fourth assignments of error.
I also concur in the majority's decision to overrule appellant's second assignment of error. However, unlike the majority, I do not ". . . find the doctrine of part performance inapplicable, in the case sub judice, pursuant to the case ofMarion Credit Assn. v. Cochran (1988), 40 Ohio St.3d 265." (Majority Opinion at 6). Upon review of Marion, I find no discussion therein of whether partial performance does or does not constitute an exception to the Statute of Frauds. InMarion, the defendants/guarantors did not partially perform anything beyond that which was expressed in the writing.[1] Marion
does not eliminate part performance as an exception to the Statute of Frauds. Accordingly, I find the majority's reliance thereon is misplaced.
Nevertheless, I concur in the decision to overrule appellant's second assignment of error. I do so because I find appellant's amended complaint fails to demonstrate appellant took any action after the closing in reliance thereon[2]. Furthermore, appellant did not allege approval of the lot split resulted in "an improvement" to appellees' property.
Finally, I concur in the majority's analysis and disposition of appellant's fifth, sixth, seventh, and eighth assignments of errors. However, I would do so primarily in reliance upon the syllabus law of Marion. Marion precludes recovery ". . . regardless of the theory under which such facts are pled."Marion, supra, para. 4 of syllabus; cited in full in the Majority Opinion at 6.
 ----------------------------- JUDGE WILLIAM B. HOFFMAN
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.
---------------------------
---------------------------
 --------------------------- JUDGES
[1] The partial performance defendants/guarantors asserted inMarion was an action performed by the defendants/debtors.
[2] The amended complaint alleges appellant obtained approval of the lot split (after the closing). (See, Amended Complaint para. No. 16). According to the amended complaint, appellant had applied for the lot split prior to the parties' entering into the purchase agreement. (See, Amended Complaint, para. nos. 3-7).